JOHN R. CADLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cadle v. Commissioner
Docket No. 14295-90
United States Tax Court
T.C. Memo 1991-480; 1991 Tax Ct. Memo LEXIS 529; 62 T.C.M. (CCH) 856; T.C.M. (RIA) 91480; September 26, 1991, Filed *529 Lisa M. Oshiro, for the respondent. GALLOWAY, Special Trial Judge. GALLOWAY
MEMORANDUM OPINION This case was assigned pursuant to section 7443A(b) and Rule 180 et seq. (All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure). This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted filed pursuant to Rule 40 and respondent's motion for damages (now called a penalty) under section 6673. Prior to the hearing on respondent's motions, petitioner advised the Court that he would be unable to appear at the hearing due to a recent physical injury. Petitioner requested and was granted additional time by the Court to file his written objection to respondent's motions. Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax Under Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6654(a)
1987
$ 4,653
$ 470.50
$ 232.65
*
$ 38.94
*530 Respondent's determination was based upon the failure of petitioner to include in income pension income from the Department of the Air Force and various other items of income. The petition filed and petitioner's memorandum opposing respondent's motion are replete with constitutional and other protester-type allegations, in which petitioner generally asserts that the statutory notice of deficiency issued by respondent was invalid in this case since petitioner did not prepare and file a 1987 tax return. Accordingly, petitioner asserts "the calculations of the Commissioner is (sic) ineffectual in showing a tax on a taxpayer's return." Petitioner is in error. If a taxpayer fails to make a return as required by law, section 6020(b) authorizes the Commissioner "make such return form his own knowledge and from such information as he can obtain through testimony or otherwise." See also . Furthermore, respondent is authorized to determine a deficiency under section 6211(a) and mail it to a taxpayer under section 6212 whether or not a return is filed. . Petitioner has asserted other *531 tax-protester objections which have been repeatedly rejected by this Court and other courts on numerous occasions, and warrant no further discussion. See , affd. ; . Rule 34(b)(4) provides that a petition filed with this Court shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiency and additions to tax in dispute. Rule 34(b)(5) provides that the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. We agree with respondent that no justiciable error has been alleged in the filed petition. Since petitioner has not raised any justiciable facts or issues in his petition, respondent's motion to dismiss will be granted. See , affd. without published opinion . We now consider respondent's motion for a penalty under section 6673. Whenever it appears to the Court that a taxpayer's position in a proceeding *532 is frivolous, groundless, or instituted primarily for delay, or that the taxpayer has unreasonably failed to pursue available administrative remedies, this Court may require the taxpayer to pay to the United States a penalty in an amount not in excess of $ 25,000. Section 6673(a), as amended by section 7731 of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400. We find that the petition in this case is frivolous and groundless and was filed primarily for delay. Accordingly, we will grant respondent's motion for a penalty, and in our decision will require petitioner to pay to the United States a penalty in the amount of $ 3,000. An appropriate order and decision will be entered. Footnotes
*. 50 percent of the interest due on the entire underpayment. Petitioner resided in Lakewood Center, Washington, when he filed his petition in this case.↩